UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------- x
In re:                       :
                             :
BUFFETS OF AUTOBAUM, INC., et : Case No. 08-34565 (MBK)
al.,                         : (Jointly Administered)
                             :
          Debtors.           : Chapter 11
                             :
---------------------------- x

**LIMITED OBJECTION OF LAKELAND BANK TO THE CHAPTER 11 TRUSTEE'S MOTION TO SELL SUBSTANTIALLY ALL OF THE ASSETS AND TO ASSUME AND ASSIGN LEASEHOLD INTERESTS OF BUFFETS OF PENNSYLVANIA PURSUANT TO SECTIONS 365(a), (f) AND (k), 363(b), (f), (h), (k), (m) AND (n), AND R. 2002(a)(2) AND (c)(1) AND R. 6004(a)**

TO THE HONORABLE MICHAEL B KAPLAN
UNITED STATES BANKRUPTCY JUDGE

Lakeland Bank Equipment Leasing Division ("**Lakeland**"), by and through its counsel, Vedder Price P.C., hereby files its objection to the Motion of Donald Conway, the Chapter 11 Trustee of Buffets of Pennsylvania, Inc. (the "**Trustee**")[1] to Sell Substantially All Assets and to Assume and Assign Leasehold Interests of Buffets of Pennsylvania, Inc. pursuant to Sections 365(a), (f) and (k), 363(b), (f), (h), (k), (m) and (n), and R. 2002(a)(2) and (c)(1) and R. 6004(a) (the "**Sale Motion**"). Lakeland objects and states as follows:

## PROCEDURAL HISTORY

1.  On November 15, 2008, Pennsylvania Buffets LLC, d/b/a Gold Corral Restaurants ("**PA Buffets**"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York (the "**PA Buffets Bankruptcy Case**").

---

[1] The Trustee is the trustee for a number of cases being administered under lead case Buffets of Autobaum 08-34565.

NYC/398605.1
NEWYORK/#215829.1

1

2. On December 10, 2008, Buffets of Pennsylvania, d/b/a Golden Corral Lebanon ("**Buffets of Pennsylvania**"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the U.S. District Court for the Southern District of New Jersey.

3. Also on December 10, 2008, Buffets of Bensalem LLC, d/b/a Golden Corral Bensalem ("**Buffets of Bensalem**"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the U.S. District Court for the Southern District of New Jersey.

4. On December 22, 2008, this Court entered an Order approving the appointment of the Trustee as the Chapter 11 Trustee of Buffets of Pennsylvania and Buffets of Bensalem.

5. On December 30, 2008, this Court entered an Order approving the joint administration of the bankruptcies of Buffets of Pennsylvania, Buffets of Bensalem, Buffets of Autobaum, Inc., Buffets of Seaford, LLC and Janets, Inc. (collectively the "**New Jersey Debtors**" and together with PA Buffets, the "**Buffet Debtors**").

6. On January 6, 2009, the Bankruptcy Court for the Southern District of New York transferred venue of the PA Buffets Bankruptcy Case to the Eastern District of Pennsylvania.

7. On or about January 16, 2009, the Bankruptcy Court for the Eastern District of Pennsylvania appointed Bonnie B. Finkel as trustee (the "**PA Buffets Trustee**") of the PA Buffets Bankruptcy Case.

8. On or about January 15, 2009, the PA Buffets Trustee filed a motion to transfer venue of the PA Buffets Bankruptcy Case to the District of New Jersey, and on January 28, 2009, the Pennsylvania Bankruptcy Court entered an order transferring the PA Buffets Bankruptcy Case to this Court. The bankruptcy cases of the Buffet Debtors are collectively referred to herein as the "**Buffets Bankruptcy Cases**".

9.  According to the pleadings filed by the PA Buffets Trustee, the Trustee of the New Jersey Debtors has been operating the Buffets of Bensalem restaurant. Upon information and belief, the only operating entity amongst the Buffet Debtors is Buffets of Bensalem.

## RELEVANT BACKGROUND

10. Lakeland, a successor in interest to Churchill Technology Finance[2] ("**Lessor**"), and Buffets of Gold, LLC. ("**Buffets of Gold**" or "**Lessee**") are parties to that certain Equipment Lease Agreement (the "**Lease**") dated February 1, 2008. The Lease provides for an initial term of 60 months, with monthly payments of $3,480.00. Two advance Lease payments were due upon signing the Lease as well as a one-time documentation fee. A true and correct copy of the Lease is annexed hereto as *Exhibit A*.

11. Pursuant to Section 3 of the Lease, "Use, Maintenance, Location/Liens and Financing Statements," title to the leased equipment (the "**Equipment**" or the "**Collateral**") is to remain with Lessor and Lessee must, at Lessee's own expense, protect and defend Lessor's title and keep it free of all claims and encumbrances (other than Lessee's rights under the Lease and claims and encumbrances created by or through Lessor). Also, the Equipment is to remain personal property regardless of its attachment to realty. If the Lease transaction is deemed to be a lease intended for security, Lessor agrees to grant Lessee a purchase money security interest in the Equipment. Additionally, Lessee authorizes Lessor to file a copy of

---

[2] On February 8, 2008, pursuant to the "Sale and Assignment of Chattel Paper" (the "**Assignment**"), Churchill Technology Finance, LLC ("**Seller**") sold, assigned and transferred to Lakeland as Buyer all of the Seller's right, title and interest in and under the equipment lease, retail installment contract or other chattel paper ("**Paper**"). Pursuant to Assignment, Seller granted and/or assigned and conveyed to Buyer a continuing first priority purchase money security interest in the equipment that is subject to Lease between Seller and Buffets of Gold. Pursuant to the terms of the Assignment, the purchase price of the Equipment was $169,840.76, and the unpaid balance of monies due or to become due pursuant to the Paper, payable in the number of monthly installments and in the amounts, beginning on the commencement date March 1, 2008, was $201,840.00, payable in 58 monthly installments of $3,480.00. A true and correct copy of the Assignment is annexed hereto as *Exhibit B*.

NYC/398605.1
NEWYORK/#215829.1

3

the Lease as a financing statement and appoints Lessor (and any third party designated by Lessor) as Lessee's attorney-in-fact to execute and file on Lessee's behalf financing statements evidencing Lessor's interest in the Equipment. *See* Exhibit A at § 3.

12. Pursuant to invoice #2008-124 (the "**Invoice**"), the Equipment was supplied by Infina Builders, LLC 1920 West Marshall Street, Bldg. 1, Norristown, PA and shipped to Buffets of Bensalem,[3] Street Road, Bensalem, PA 19020. A true and correct copy of the Invoice is attached hereto as *Exhibit C*.

13. Pursuant to the Lease, on February 1, 2008, the Lessor filed and obtained a UCC financing statement with the Secretary of the Commonwealth of Pennsylvania, evidencing Lessor's security interest in the Collateral under the Lease. The lien cover page and the UCC financing statement identify Buffets of Gold as the debtor. The iLien File number is noted as #28453960 and the order confirmation number is noted as #13339048. A true a correct copy of the iLien cover page and the UCC Financing Statement are annexed hereto as *Exhibit D*.

14. Since the commencement of the Buffets Bankruptcy Cases, Lakeland has learned information leading it to believe that some, if not all, of its Equipment may have been moved to other locations occupied by the Buffet Debtors. In order to confirm the exact location of the Equipment, Lakeland hired Global Field Services to conduct a field inspection. Pursuant to the inspection report, the building that the Equipment was originally delivered to has been demolished and the business at that location has ceased operations prior to such

---

[3] After extensive investigation, the Trustee learned that Charles Alario, a principal of Buffets of Bensalem formed numerous entities, all of which borrowed monies to, allegedly, outfit the Bensalem restaurant location. PA Buffets is one of those entities. *See* Letter from Markowitz Gravelle, LLP to the Honorable Michael B. Kaplan dated June 4, 2009, attached hereto as *Exhibit E.*.

demolition. It can be concluded that the Equipment was moved to another location. A true and correct copy of the Global Field Services Inspection report is attached hereto as *Exhibit F*.

15. Since the commencement of the Buffets Bankruptcy Cases, Lakeland has also discovered information indicating that other secured creditors claim a security interest in or lien on equipment substantially similar to Lakeland's Equipment.

## LIMITED OBJECTION

16. The Court should deny the Sale Motion for a number of reasons. First, to the extent that Buffets of Gold assigned or transferred the Equipment to a related entity or to property owned or occupied by a related entity, that assignment or transfer was made in contravention of Section 9 of the Lease, which provides that without the prior written consent of Lessor, Lessee shall not sell, assign, sublet, pledge or transfer all or part of the Lease or the Equipment. *See* Exhibit A, § 9. Additionally, Section 3 of the Lease states that the Lessee will not move the Equipment without the prior written consent of the Lessor. *See* Exhibit A at § 3. As such, the Equipment that was wrongfully transferred from its original location without Lakeland's permission and possibly improperly assigned or transferred to one of the Buffet Debtors cannot be property of any of the Buffet Debtors' estates. Property that is not property of a debtor's estate cannot be sold as such.

17. Second, to the extent that Buffets of Gold had any interest in the Equipment, the interest it held was solely a leasehold interest. As provided in Section 3 of the Lease, title to the Equipment is to remain with the Lessor. See Exhibit A at § 3. Therefore, the Equipment, even if it were properly assigned or transferred to one of the Buffet Debtors, could not be sold by the Bankruptcy Court as if it were property of any of the Buffet Debtors' estates.

18. Third, the Sale Motion is unclear as to the specific assets that the Trustee seeks to auction. No list of the specific equipment to be sold was filed with the Sale Motion, nor was an appraisal of the assets provided. Since Lakeland does not know the current location of the Equipment, Lakeland objects to the Sale Motion because the Trustee may be trying auction certain equipment that constitutes Lakeland's Equipment. Thus, Lakeland objects to the Sale Motion to the extent that it seeks to auction the assets of Buffets of Gold that Lakeland leased.

19. Fourth, as the Trustee is well aware, prior to the commencement of their respective bankruptcy cases, the Buffet Debtors and other related non-debtor entities may have relocated equipment used in their operations from their original locations. Based upon information stated to date, it is likely that the Lakeland Equipment has been moved to a location operated or controlled by a debtor entity.

20. Fifth, the Trustee is also aware that various secured creditors hold liens on and security interests in similar equipment transferred to, leased and/or owned by the Buffet Debtors. Without verifying the serial numbers of the equipment that the Trustee wishes to auction, it is impossible to ensure that none of the equipment proposed to be sold is the Lakeland Equipment.

21. Lakeland hereby requests that it be given at least ten (10) days prior notice of the sale of any furniture, fixtures and equipment located at the Buffet Debtors' business locations. Lakeland further requests that the Trustee provide it with a detailed listing, including serial numbers, of said personal property and, to the extent said personal property includes any one or more items of Lakeland Equipment, Lakeland hereby objects to the proposed sale or other disposition of such furniture, fixtures or equipment.

22. WHEREFORE, for all the reasons set forth herein, Lakeland respectfully requests that this Court enter an Order: (1) directing the Trustee to provide Lakeland with a detailed listing, including serial numbers, of the furniture, fixtures and equipment located at Buffets Debtors; business locations; (2) directing the Trustee to provide Lakeland with at least ten (10) days prior to the proposed auction of said furniture, fixtures and equipment; (3) denying the Trustee authority to sell any furniture, fixtures and equipment subject to Lakeland's security interest; and (4) granting such other or further relief as the Court deems necessary or appropriate.

Dated: New York, New York
June 8, 2009

                VEDDER PRICE P.C.
                Counsel to Lakeland Bank

                By: /s/ Mitchell D. Cohen
                    Mitchell D. Cohen (MC-5767)
                    Michael Goettig (MG-3771)
                    1633 Broadway, 47th Floor
                    New York, New York 10019
                    Tel: (212) 407-6980
                    Fax: (212) 407-7799
                    Email: mcohen@vedderprice.com