# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY
### U.S. COURTHOUSE
### 402 E. STATE STREET
### TRENTON, NEW JERSEY 08608

**Hon. Michael B. Kaplan**                                           **609-989-0478**
**United States Bankruptcy Judge**                                   **609-989-2259 Fax**

November 23, 2010

Robert L. Saldutti, Esq.
Saldutti, LLC
800 Kings Highway North, Suite 300
Cherry Hill, NJ 08034
Attorney for Creditor, H.A. Steen Industries, Big Mountain Imaging

Christine M. Gravelle, Esq.
Markowitz Gravelle, LLP
3131 Princeton Pike
Bldg. 3D, Suite 200
Lawrenceville, NJ 08648
Attorney for Trustee, Donald F. Conway

       Re:    Buffets of Bensalem, LLC
               08-34568

Counselors:

The Court has heard oral arguments and has reviewed the submissions filed in the above

referenced matter.  The Court issues the following ruling:

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and

157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring

all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2)(A) and (B).  Venue is proper in this Court pursuant to 28

U.S.C. § 1408.  The following constitutes the Court's findings of fact and conclusions of law as

required by Fed. R. Bankr. P. 7052.

This matter is before the Court by way of a Motion to Compel Trustee to Assume Debtor's Post-Petition Contract Filed by Robert L. Saldutti, Esq. on behalf of H.A. Steen Industries, Inc. ("H.A. Steen") and a Cross Motion to Expunge the Claim of H.A. Steen filed by Christine M. Gravelle, Esq. on behalf of Donald F. Conway. A hearing on the Motion and Cross Motion was held on November 15, 2010.

On December 10, 2008, Buffets of Bensalem, LLC, d/b/a Golden Corral Restaurant (hereinafter "Debtor") filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code. Donald F. Conway was appointed as Trustee on or about December 23, 2008. Thereafter, on or about December 30, 2008, this Court ordered that the Debtor's bankruptcy be jointly administered with the related bankruptcy petition of Buffets of Autobaum, Inc., Case No. 08-34565.

On August 3, 2009, Debtor contracted to lease an outdoor advertisement at 1465 Street Road, Bensalem, PA (the "Property") from H.A. Steen for a six-month term, beginning August 13, 2009 for $2,615.00 a month. The Debtor operated a Golden Corral restaurant on the Property pursuant to a franchise agreement with Golden Corral Franchising Systems, Inc. On August 4, 2009, Debtor paid H.A. Steen a $2,615.00 deposit for the contract, by bank check. The lessee on the contract was Golden Corral Restaurant and Mr. Bill J. Frazier, a manager at the restaurant, was the signatory. H.A. Steen negotiated this contract with both Mr. Frazier and Mr. Daniel Lopez, the general manager.

The undisputed facts reveal, however, that the Debtor, Buffets of Bensalem, LLC, was the owner of the Property at the time the contract was executed, and its representative, the Chapter 11 Trustee, did not authorize the contract. [1] In fact, on December 31, 2009, once the

_____

[1] This Court notes, for the record, that it believes H.A. Steen failed to perform proper due diligence. Had H.A. Steen run a credit report or credit application, either at the time the contract was signed or once it failed to receive

Chapter 11 Trustee, Donald F. Conway, learned that the Debtor purportedly entered into this

contract with H.A. Steen, he informed H.A. Steen that the contract was not authorized, that

outdoor advertising was not in the ordinary course of business of the Debtor and, therefore, the

contract was void *ab initio*. The Trustee informed H.A. Steen that the Debtor's estate would not

be making payments pursuant to the contract. Moreover, the Trustee was engaged in

negotiations for the sale of the Property and restaurant operations at the time the contract was

executed.[2] Nonetheless, H.A. Steen filed a proof of claim on February 19, 2010 for services

performed.

Outside of bankruptcy, resolution of this dispute would rest upon application of the law

of agency and whether an agency relationship was created between the Chapter 11 Trustee and

Mr. Frazier and Mr. Lopez, such that H.A. Steen reasonably could have relied on Mr. Frazier and

Mr. Lopez's representations. There is nothing in the record before the Court which evidences

that the Chapter 11 Trustee expressly authorized the underlying agreement. Absent express

authority, H.A. Steen must look to the doctrine of "apparent authority," where a reasonable

person would understand that an agent had authority to act. Apparent authority arises "when a

third party reasonably believes the actor has authority to act on behalf of the principal and that

belief is traceable to the principal's manifestations." Restatement (Third) of Agency §2.03

(2006). The doctrine of apparent authority "focuses on the reasonable expectations of third

parties with whom an agent deals." Id. § 7.08 comment b. Therefore "a court must examine the

totality of the circumstances to determine whether an agency relationship exist[s] even though

---

payment, H.A. Steen would have learned it was dealing with an entity in bankruptcy. Indeed, the form of
advertising agreement submitted into evidence, as well as the testimony of the H.A. Steen sales representative,
confirm that H.A. Steen often does undertake such credit inquiries in advance of contract execution. As this fact is
not central to the Court's ultimate determination of the matter, it finds further discussion of this point unnecessary.
[2] The Property was ultimately sold to Mr. Jeffrey Kornblaue or his nominees. The purchase price included all of the
right, title, and interest in the Property and the assets of the Golden Corral restaurant. The restaurant assets included
the Franchise Agreement, dated December 19, 2009, between Golden Corral and Buffets of Bensalem, LLC.

the principal [does] not have direct control over the agent." New Jersey Lawyers' Fund for

Client Protection v. Stewart Title Guar. Co., 203 N.J. 208, 1 A.3d 632 (2010); Sears Mortgage

Corp. v. Rose, 134 N.J. 326, 634 A.2d 74 (1993).

Whether or not Mr. Frazier or Mr. Lopez was cloaked with apparent authority is not

determinative in this case because such an estoppel defense is based on state agency and contract

law.  In contested matters arising when the debtor objects to a post-petition vendor's

administrative expense claim, the bankruptcy court need not consider the debtor's state law

defenses to a vendor's claim.  See Toma Steel Supply, Inc. v. TransAmerican Natural Gas Corp.

(Matter of TransAmerican Natural gas Corp.), 978 F.2d 1409 (5th Cir. 1992).  Instead, the

bankruptcy court may properly limit its consideration to the question of whether services

provided by the vendor benefitted the debtor's estate.  Id.  The Court is to focus on whether the

estate received a benefit, and not on whether it was harmed by the claimant's activities.  Id.

Section 503(b)(1)(A) of the Bankruptcy Code authorizes the court to grant an

administrative claim for "the actual, necessary costs and expenses of preserving the estate,

including wages, salaries, or commissions for services rendered after the commencement of the

case . . . "  Id.  The burden on proving entitlement to an administrative expense claim is on the

claimant and the measure of proof is preponderance of the evidence.  See In re Interstate Grocery

Distributions System, Inc., 267, B.R. 907 (Bankr. D.N.J. 2001) (citing In re Drexel Burnham

Lambert Group, Inc., 134 B.R. 482 (Bankr. S.D.N.Y. 1991).  To sustain its burden and thus

qualify for administrative priority, the claimant must demonstrate that the claim: (1) arises out of

a post-petition transaction with the debtor (or trustee); and (2) benefits the estate.  In Re Molnar

Bros., 200 B.R. 555, 559 (Bankr. D.N.J. 1996).  Courts narrowly construe allowances for

administrative expenses.  Id.

Accordingly, whether the Trustee is required to honor the Debtor's post-petition contract hinges on whether H.A. Steen has proved that the services it provided benefitted the estate and its creditors.  <u>See</u> § 503(b).  This Court finds that H.A. Steen has not met this burden and grants the Trustee's cross-motion to expunge the claim.  The Trustee was already in negotiations to sell the property when the contract was executed.  Arguably, any benefit would have been conferred upon the new Buyer, not the Debtor.  Had the movant been able to show that its services, for example, resulted in the Buyer offering a higher sale price, an argument could be made that it benefitted the estate and its creditors.  However, no such argument or showing is presented in the record.  In point of fact, at oral argument, when the H.A. Steen sales representative was asked what revenues the outdoor advertising generated, she could not point to any tangible monetary benefit.

In light of the above discussion, the Court denies the Motion to Compel Trustee to Assume Debtor's Post-Petition Contract and grants the Trustee's Cross Motion to Expunge the Claim of H.A. Steen.  The Court will enter an appropriate Order.

Honorable Michael B. Kaplan
United States Bankruptcy Judge